MEGAN K. McHENRY, ESQ.
Nevada State Bar No. 9119
LAW OFFICE OF HAYES & WELSH
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Phone: 702-434-3444
Fax #: 702-434-3739
m.mchenry@lvlaw.com; k.bratton@hayesandwelsh.onmicrosoft.com

*Attorneys for Plaintiff/Creditor*
PRABHJOT SIDHU, DDS

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>MANDEEP SINGH and JASPREET KAUR,<br><br>Debtors. | CASE NO.: BK-S-23-15302-abl<br>Chapter 7 |
| PRABHJOT SIDHU, DDS,<br><br>Plaintiff,<br><br>v.<br><br>MANDEEP SINGH and JASPREET KAUR,<br><br>Defendants. | Adv. Proc. No.: |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT, AND OBJECTING TO THE DISCHARGE OF DEBTORS

COMES NOW, Plaintiff/Creditor, Prabhjot Sidhu, DDS ("Creditor"), by and through his counsel of record, the Law Office of Hayes and Welsh, and hereby complains of Defendants/Debtors, Mandeep Singh ("Mr. Singh") and Jaspreet Kaur ("Ms. Kaur") (collectively referred to as "Debtors"), as follows:

1.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). If the Court finds this is not a core matter, then Creditor consents to entry of judgment by the United States Bankruptcy Judge.

/ / /

2.  Defendants are the Debtors in the above-entitled Chapter 7 bankruptcy proceeding, and Plaintiff, above named, is a creditor of said Debtors.

3.  This is an adversary proceeding in which Creditor is requesting that the Court hold Debtors' debt to Creditor non-dischargeable and deny a discharge to Debtors.

**GENERAL ALLEGATIONS**

4.  Prior to December 21, 2021, Mr. Singh told Creditor that he needed a loan for $80,000 to purchase two Jeep Wranglers, which could be customized and sold to buyers in Dubai for a profit.

5.  In reliance upon Mr. Singh's representations, on December 21, 2021, Creditor loaned $80,000 to Debtors.

6.  On December 21, 2021, Mr. Singh text messaged Creditor pictures of the purchased Jeep Wranglers and said that the vehicles were going to Dubai.

7.  In reliance upon Mr. Singh's representations, on December 29, 2021, Creditor loaned an additional $120,000 to Debtors.

8.  In reliance upon Mr. Singh's representations, on January 31, 2022, Creditor loaned an additional $115,000 to Debtors.

9.  On or about March 25, 2022, Debtors, Mr. Singh and Ms. Kaur signed a promissory note in favor of Creditor in the amount of $315,000.00, in exchange for the above loans provided by Creditor to Debtors.

10. On March 28, 2022, Debtors sent Creditor a forged Bill of Lading and seal number for jeeps sent to Dubai on December 17, 2021.

11. Debtors further sent Plaintiff copies of forged documents for a US Bank account under the name of Singh Customs LLC and a TD Ameritrade account.

12. Under the terms of the promissory note, Debtors were required to make monthly payments of interest to Creditor in the amount of $8,000 from January 30, 2022 through July 30, 2022.

13. Under the terms of the promissory note, Debtors were required to make a payment of $127,000 on May 5, 2022 ($12,000 for interest and $115,000 for principal).

14. All remaining principal and interest was required to be paid by July 30, 2022.

15. Debtors failed to make the agreed upon payments to Creditor.

16. On September 16, 2022, a Judgment was entered in the Superior Court of Washington, County of King, Case No. 22-2-149858-2 SEA, in favor of Creditor and against Debtors in the amount of $149,643.00 plus interest at the rate of 12.0% per annum, and post-judgment attorneys' fees and costs.

17. On November 17, 2022, the Washington Judgment was domesticated and entered in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-22-861468-F.

**FIRST CLAIM FOR RELIEF**
(Denial of Discharge of Debt - 11 U.S.C. § 523(a)(2))

18. Creditor repeats, realleges and incorporates herein by reference each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

19. As outlined in detail above, Debtors made multiple representations regarding their intended and actual use of the loan funds to induce Creditor to provide money to Debtors.

20. Debtors further forged financial and other documents to induce Creditor to provide money to Debtors and to assure Creditor he would be repaid.

21. At the time that Debtors made the representations to Creditor, Debtors knew that they were false.

22. At the time that the loans were made by Creditor, Debtors did not intend to repay Creditor for the loans or pursuant to the agreed upon payment terms.

23. Debtors made false representations to Creditor to induce him to provide money to Debtors.

24. As outlined in detail above, Creditor justifiably and reasonably relied on Debtors' representations and entered into the above-referenced agreements and loaned money to Debtors.

25. Creditor was damaged by his reliance on Debtors' fraudulent representations because he loaned money to Debtors and has not been repaid in full.

26. Debtors further converted funds to themselves or used the funds for personal purposes that were supposed to be used for the businesses.

27. As set forth in detail above, the debt owed to Creditor is for money, property and/or services obtained by false pretenses, false representations and/or actual fraud.

28. As set forth in detail above, the debt owed to Creditor was for money, property and/or services obtained by the use of a statement in writing that was materially false respecting Debtor's financial condition, on which Creditor reasonably relied; and, that Debtor caused to be made or published with intent to deceive.

29. Pursuant to 11 U.S.C. § 523(a)(2), the discharge of Debtor's debt to Creditor should be denied.

30. Creditor is entitled to damages in an amount to be established based on the evidence, plus interest, costs and attorney's fees.

31. Creditor has been required to obtain the services of the Law Office of Hayes and Welsh to prosecute this action and is entitled to reasonable attorney's fees therefor.

## SECOND CLAIM FOR RELIEF
### (Denial of Discharge of Debt - 11 U.S.C. § 523(a)(4))

32. Creditor repeats, realleges and incorporates herein by reference each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

33. As outlined in detail above, Creditor entrusted his property to Debtors for the purchase of jeeps to be sold in Dubai.

34. Based upon information and belief, Debtors appropriated the property for a use other than that for which it was entrusted.

35. Based upon information and belief, Debtors never intended to purchase and ship jeeps to Dubai and instead used Creditor's money for an unauthorized purpose.

36. As outlined in detail above, the circumstances indicate fraud by the Debtors.

37. As set forth in detail above, the debt owed to Creditor is for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

38. Pursuant to 11 U.S.C. § 523(a)(4), the discharge of Debtor's debt to Creditor should be denied.

///

39. Creditor is entitled to damages in an amount to be established based on the evidence, plus interest, costs and attorney's fees.

40. Creditor has been required to obtain the services of the Law Office of Hayes and Welsh to prosecute this action and is entitled to reasonable attorney's fees therefor.

### THIRD CLAIM FOR RELIEF
### (Denial of Discharge of Debt - 11 U.S.C. § 523(a)(6))

41. Creditor repeats, realleges and incorporates herein by reference each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

42. As outlined in detail above, Debtors willfully and maliciously injured Creditor by fraudulently obtaining control over Creditor's money with the intent to deprive him of his money, thereby converting Creditor's property without his knowledge or consent.

43. As outlined in detail above, Debtors willfully and maliciously injured Creditor by converting Creditor's property without his knowledge or consent and using Creditor's money for an unauthorized purpose.

44. As outlined in detail above, Debtors willfully and maliciously injured Creditor by making material misrepresentations regarding their intentions to re-pay Creditor for the money entrusted to them.

45. Based upon information and belief, Debtors' actions were done intentionally without justification and excuse.

46. Creditor was injured as a result of Debtors' actions through the loss of his property.

47. Pursuant to 11 U.S.C. § 523(a)(6), the discharge of Debtors' debt to Creditor should be denied.

48. Creditor is entitled to damages in an amount to be established based on the evidence, plus interest, costs and attorney's fees.

49. Creditor has been required to obtain the services of the Law Office of Hayes and Welsh to prosecute this action and is entitled to reasonable attorney's fees therefor.

///

### FOURTH CLAIM FOR RELIEF
### (Denial of Discharge – 28 U.S.C. § 727(a)(2)(A))

50. Creditor repeats, realleges and incorporates herein by reference each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

51. Based upon information and belief, Debtors with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of Debtors within one year before the date of filing of the bankruptcy petition.

52. Based upon information and belief, Debtors transferred, removed, destroyed, mutilated or concealed property, including but not limited to the following:

   a) 2013 Land Rover Range Rover
   b) Gold Coins in the amount of $40,000
   c) Escalade
   d) Money deposited in bank accounts, and RobinHood, CoinBase, and TD Ameritrade accounts.
   e) Investment(s) in the Dominican Republic.

53. Pursuant to 11 U.S.C. §727(a)(2)(A), the discharge of Debtor should be denied.

54. Creditor is entitled to damages in an amount to be established based on the evidence, plus interest, costs and attorney's fees.

55. Creditor was required to obtain the services of the Law Office of Hayes and Welsh to prosecute this action and is entitled to reasonable attorney's fees therefor.

### FIFTH CLAIM FOR RELIEF
### (Denial of Discharge – 28 U.S.C. § 727(a)(3))

56. Creditor repeats, realleges and incorporates herein by reference each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

57. Based upon information and belief, Debtors concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents,

records, and papers, from which Debtors' financial condition or business transactions might be ascertained, without justification under the circumstances.

58. Based upon information and belief, Debtors concealed, destroyed, mutilated, or falsified or failed to keep records, including but not limited to the following:

    a) Documents related to loans with Preetpal Singh and transfer of the 2013 Land Rover Range Rover in exchange for a loan(s).

    b) Documents related to investments in the Dominican Republic with Inversiones y Entretenimiento PC, SRL and the loss of the investments.

    c) Documents related to loans with Shamir Mamdani/FYLV and transfer of gold coins and an Escalade in exchange for the loans.

    d) Loans made to friends, including but not limited to, Rupinder Grewal, Byron Brooks, Nada Nada, Sami Ali, Antonio Zepeda.

    e) Business records for Singh Customs, LLC, A to Z Sales, LLC, Singh and Daughters, LLC, produce business, custom jeep business, hospitality/ticket sale business, etc.

59. Pursuant to 11 U.S.C. §727(a)(3), the discharge of Debtor should be denied.

60. Creditor is entitled to damages in an amount to be established based on the evidence, plus interest, costs and attorney's fees.

61. Creditor was required to obtain the services of the Law Office of Hayes and Welsh to prosecute this action and is entitled to reasonable attorney's fees therefor.

**SIXTH CLAIM FOR RELIEF**
**(Denial of Discharge – 28 U.S.C. § 727(a)(4))**

62. Creditor repeats, realleges and incorporates herein by reference each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

63. Based upon information and belief, Debtors made false representations in their Chapter 7 Bankruptcy Petition and Schedules, including but not limited to the following:

    a) Mr. Singh's sole source of income in 2023 was $52,000 from event ticket commissions.

b) Ms. Kaur had no income in 2021 and 2022, and only had $664 in income in 2023.

c) Debtors' 2013 Land Rover Range Rover was repossessed by Preetpal Singh in July 2023.

d) Debtors failed to list their investment in the Dominican Republic with Inversiones y Entretenimiento PC, SRL.

e) Debtors failed to list money owed to them from loans provided to friends, such as Rupinder Grewal, Byron Brooks, Nada Nada, Sami Ali, and Antonio Zepeda.

f) Debtors failed to list the $40,000 in gold coins and an Escalade transferred to Shamir Mamdani/FYLV.

g) Debtors failed to list money transferred from their bank accounts, and RobinHood, Coinbase and TD Ameritrade accounts.

64. Based upon information and belief, Debtors made false representations under oath at their 341 Meetings, including but not limited to the following:

a) Mr. Singh's sole source of income was from ticket sales.

b) The 2013 Land Rover Range Rover was given to Preetpal Singh in June 2023 in exchange for money owed to him.

c) Debtors provided $40,000 in gold coins and an Escalade to Shamir Mamdani in 2021 as collateral for a loan.

d) Debtors lost their investment in the Dominican Republic when their friend Raja Nassar passed away.

e) Mr. Singh did commission work for KAO Automotive.

f) All bank deposits in 2023 were from family, other than Mr. Singh's $52,000 in income from employment.

g) Mr. Singh did commission work for Rupinder Grewal in Arizona two years ago.

///

      h)    Debtors last had money in their RobinHood account more than one year ago.

      i)    Debtors have not had a Coinbase account for more than a year.

      j)    Debtors invested the money that they received from Prabhjot Sidhu in their custom jeep business, Singh Customs, LLC.

      k)    Debtors used the money that they received from Prabhjot Sidhu for one investment and a couple of custom jeeps.

      l)    Debtors never shipped jeeps to Dubai because the deal was cancelled.

65. Based on the above facts, information and belief, Debtors knowingly and fraudulently made a false oath or account in this bankruptcy case.

66. Pursuant to 11 U.S.C. §727(a)(4), the discharge of Debtors should be denied.

67. Creditor is entitled to damages in an amount to be established based on the evidence, plus interest, costs and attorney's fees.

68. Creditor was required to obtain the services of the Law Office of Hayes and Welsh to prosecute this action and is entitled to reasonable attorney's fees therefor.

WHEREFORE, Plaintiff/Creditor PRABHJOT SIDHU, DDS prays for judgment against Defendants/Debtors MANDEEP SINGH and JASPREET KAUR as follows:

1. That Debtors' debts due and owing to Creditor be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2), 523(a)(4) and 523(a)(6);

2. That Debtors' discharge be denied pursuant to 11 U.S.C. §727(a)(2)(A), 727(a)(3), and 727(a)(4);

3. For damages incurred according to proof, plus interest at the contractual or statutory rate from the date of default until paid in full;

4. For attorney's fees and costs of suit incurred herein; and

/ / /

/ / /

/ / /

/ / /

5. For such other and further relief as this Court may deem just and proper in the premises.

DATED this 29th day of February, 2024.

LAW OFFICE OF HAYES & WELSH

By: /s/ Megan K. McHenry
MEGAN K. MCHENRY, ESQ.
Nevada State Bar No. 9119
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
(702) 434-3444
*Attorneys for Plaintiff/Creditor*
*PRABHJOT SIDHU, DDS*