MEGAN K. MCHENRY, ESQ.
Nevada State Bar No. 9119
LAW OFFICE OF HAYES & WELSH
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Phone: 702-434-3444
Fax #:  702-434-3739
E-Mail:m.mchenry@lvlaw.com; k.bratton@hayesandwelsh.onmicrosoft.com

*Attorneys for Creditor, Prabhjot Sidhu DDS*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br><br> MANDEEP SINGH and JASPREET KAUR, <br><br> Debtors. | Case No.: BK-S-23-15302-ABL <br> Chapter 7 |

**NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM ON
<u>LENARD E. SCHWARTZER, TRUSTEE</u>**

NOTICE IS HEREBY GIVEN pursuant to FRCP 45(a)(4), that Creditor, Prabhjot Sidhu DDS, intends to serve a Subpoena Duces Tecum on Lenard E. Schwartzer, Trustee.

A copy of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case is attached hereto as **Exhibit 1**.

Dated this 26th day of March, 2024.

LAW OFFICE OF HAYES & WELSH

/s/Megan K. McHenry
MEGAN K. MCHENRY, ESQ.
Nevada Bar No. 9119
199 N. Arroyo Grande Blvd., Ste. 200
Henderson, NV  89074
*Attorneys for Creditor*

# CERTIFICATE OF SERVICE

On March 26, 2024, I served the foregoing **NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM ON LENARD E. SCHWARTZER, TRUSTEE** by the following means to the persons as listed below*:*

___X___   a. ECF System:  the CM/ECF system to those persons listed on the case.

_____   b. United States mail, postage fully prepaid:

_____   c. Personal Service.  I personally delivered the document(s) to the persons at these addresses:

_____  For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

_____  For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

_____   d. By direct email:

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

_____   e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

_____   f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.  A copy of the messenger's declaration is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on: March 26, 2024.

          /s/ Megan K. McHenry_____
          Employee of Law Office of Hayes & Welsh

# Exhibit 1

MEGAN K. MCHENRY, ESQ.
Nevada State Bar No. 9119
LAW OFFICE OF HAYES & WELSH
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Phone: 702-434-3444
Fax #:  702-434-3739
E-Mail:m.mchenry@lvlaw.com; k.bratton@hayesandwelsh.onmicrosoft.com

*Attorneys for Creditor, Prabhjot Sidhu DDS*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MANDEEP SINGH and JASPREET KAUR,<br><br>Debtors. | Case No.: BK-S-23-15302-ABL<br>Chapter 7 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE**

**TO:**

**Lenard E. Schwartzer, Trustee**
**6655 West Sahara Ave., Ste. B200-107**
**Las Vegas, NV 89146**

**YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing or sampling of the material:

| **PLACE:** | **DATE AND TIME:** |
|---|---|
| Law Office of Hayes & Welsh<br>199 N. Arroyo Grande Blvd., Ste. 200<br>Henderson, Nevada 89074 | April 26, 2024, 2:00 p.m. |

    1) Copies of all documents provided to you by Debtors, their counsel, or any third parties, in or related to this bankruptcy case, including but not limited to, correspondence, ledgers, spreadsheets, account statements, etc.

/ / /

/ / /

/ / /

| | |
|---|---|
| **DATE:  March 26, 2024** | /s/ Megan K. McHenry |
| **ATTORNEYS FOR CREDITOR:** | LAW OFFICE OF HAYES & WELSH<br>MEGAN K. MCHENRY, ESQ.<br>Nevada Bar No. 9119<br>199 N. Arroyo Grande Blvd., Ste. 200<br>Henderson, NV  89074<br>m.mchenry@lvlaw.com<br>(702) 832-5622 |

The following provisions of FRCP 45, made applicable in bankruptcy cases by FRBP 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d) relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  FRCP 45(a)(4).

Page 2

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)